Justice COATS,
dissenting.
Despite acknowledging Colorado's debt to the drafters of the Model Penal Code and our legislature's clear intent to protect an *1093 even broader class of persons than protected by the MPC, the majority construes Colorado's witness tampering statute (through what I consider to be an unnecessarily cramped reading of an isolated phrase in the statute) to provide substantially less protection for victims and other potential witnesses. Because I believe the plain language of the entire statute, as well as the comments to the Model Penal Code provision from which it was ultimately derived, demonstrate that the tampering offense of which the defendant was convicted is committed by attempting to dissuade any person from complying with a lawful duty to testify truthfully, whether or not an official proceeding is pending and whether or not that person has actually been summoned to it, I respectfully dissent.
As the majority acknowledges, both the Michigan and Model Penal Code provisions from which Colorado's statute is derived focus "on the defendant's subjective intent to subvert the administration of justice by improperly inducing a person to refrain from cooperating with the authorities," op. at 1098, with the drafters of the MPC expressly noting their intention "to eliminate quibbling invited by laws requiring that a proceeding or investigation actually be pending." Op. at 1094.
Following their lead, the Colorado legislature has eriminalized attempts by anyone to induce a "witness or victim or a person he believes is to be called to testify as a witness or victim in any official proceeding or who may be called to testify as a witness to or victim of any erime" to either do or refrain from doing any of a number of specific things that would effectively deprive the legal system of that person's truthful testimony. § 18-8-707(1), C.R.S. (2004)[1]
Without acknowledging that another construction might be possible, the majority announces that "subsection (1)(b) invokes protection only for a witness or victim who has
been 'legally summoned.""' Op. at 1094. However, by including, among the things a defendant is precluded from doing, any attempt to induce a person to "[albsent himself from a proceeding to which he has been legally summoned," the statute defines the proscribed conduct itself rather than narrowing the class of persons entitled to protection. As the immediately preceding language of the same sentence makes clear, the induced person need not actually be a victim or witness at all, nor need there even be a pending official proceeding. It is enough that the defendant attempt to induce a person "he believes is to be called to testify as a witness or victim in any official proceeding or who may be called to testify as a witness to or victim of any crime." § 18-8-707.
In this context, the phrase, "has been legally summoned," does not create a condition that must be satisfied before the defendant attempts to influence the other person; it refers instead to the defendant's intent and describes what he is barred from trying to do. Factual or legal impossibility is no defense to an attempt, as long as the offense could have been committed had the attendant cireumstances been as the actor believed them to be. § 182-101, C.R.S. (2004). Read in its entirety, section 18-8-707 proseribes attempts to induce any person the defendant "believes" will be called to testify, or "may" be so called, to absent himself in the face of a legal obligation to do otherwise. Whether that person has actually been or is ever summoned is inconsequential to the defendant's subjective intent or the sufficiency of his attempt.
Were the first half of the witness tampering statute so easily ignored, and the proscribed acts limited to those attempts that are factually and legally capable of achieving their goal, consistency would seem to require a similarly restrictive reading of subsections (a) and (c) of the same provision. It is *1094 unclear to me, in line with this approach, why inducing a person to "unlawfully withhold any testimony," see § 18-8-707(1)(a), would not be possible only if that person were legally obligated, by an existing order or other legal process, to testify. This, however, is apparently not the case. See People v. Cunefare, 03SC782, - P.3d -, 2004 WL 2711047 (Colo. November 830, 2004). In the same vein, seemingly a person could be induced to "[alvoid legal process summoning him to testify," see § 18-8-707(1)(c), only if there existed some legal process to be avoided.
As the full text of the statute and its sources make clear, the construction proposed by the majority thwarts the design of the drafters to protect from outside interference all those who the defendant believes will or may be called to testify. Even when applied only to subsection (b), this restrictive construction needlessly narrows the scope and effectiveness of this jurisdiction's prohibition against witness tampering. Because I believe the specific words of subsection (b) are easily read to proscribe the defendant's conduct in this case, and because such a reading is supported by both the language of the prohibition as a whole and the legislative history of the statute, I would reverse the judgment of the court of appeals.
I therefore respectfully dissent.

. Section 18-8-707 provides in its entirety:
(1) A person commits tampering with a witness or victim if he intentionally attempts without bribery or threats to induce a witness or victim or a person he believes is to be called to testify as a witness or victim in any official proceeding or who may be called to testify as a witness to or victim of any crime to:
(a) Testify falsely or unlawfully withhold any testimony; or
(b) Absent himself from any official proceeding to which he has been legally summoned; or
(c) Avoid legal process summoning him to testify.
(2) Tampering with a witness or victim is a class 4 felony.